## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FIRST AMERICAN TITLE** | * | **CIVIL ACTION NO. 11-1661** |
| **INSURANCE COMPANY** | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | **JUDGE STANWOOD DUVAL** |
| **versus** | * | **SECTION "K"** |
| | * | |
| **RELIANT TITLE, L.L.C., ALICIA MURLA** | * | |
| **LEE, GARY JULIAN LEE, GAYAN JUAREZ,** | * | **MAGISTRATE DIV. 4** |
| **CRYSTAL HEINE, BRENDA L. MURLA and** | * | **KAREN WELLS ROBY** |
| **ABC and XYZ INSURANCE COMPANIES** | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT ANSWER BY DEFENDANTS

## RELIANT TITLE, L.L.C; ALICIA M. LEE; AND GARY J. LEE

NOW INTO COURT, through undersigned counsel, come Defendants Reliant Title, L.L.C. ("Reliant"), Alicia Murla Lee and Gary Julian Lee, who respectfully respond as follows to each correspondingly enumerated paragraph of the Complaint of First American Title Insurance Company:

### I.

The allegations are denied in that the amount in controversy is less than the statutorily required minimum of $75,000.

### II.

The allegations, as written, are denied.

### III.

The allegations are denied for lack of sufficient information upon which to justify a belief therein.  Further, it is Reliant Title, L.L.C.'s and Alicia Murla Lee and Gary Julian Lee's understanding that Taylor, Bean & Whittaker Mortgage Corporation underwent bankruptcy in 2010.

IV.

The allegations regarding the corporate status, principal place of business, and domicile of Reliant Title L.L.C. (hereinafter, "Reliant") are admitted. The allegations regarding the domicile of Alicia Murla Lee and Gary Julian Lee (hereinafter, "the Lees") are admitted. The remainder of the allegations are denied for lack of sufficient information upon which to justify a belief therein.

V.

To the extent that the allegations attempt to assert liability against Reliant and/or Alicia M. Lee or Gary J. Lee, those allegations are denied. Defendants herein admit that Plaintiff has accurately summarized the claims of the complaint.

VI.

The allegations, as written, are denied.

VII.

The allegations, as written, are denied.

VIII.

The allegations are denied as written because they cover multiple claims, each with different funds provided and alleged obligations appended thereto.

IX.

The allegations, as written, are denied.

X.

The allegations, as written, are denied.

XI.

The allegations, as written, are denied.

XII.

The allegations, as written, are denied.

XIII.

The allegations, as written, are denied.

XIV.

The allegations, as written, are admitted in part and denied in part.

XV.

The allegations, as written, are denied.

XVI.

The allegations, as written, are denied.

XVII.

The allegations, as written, are denied.

XVIII.

The allegations are denied.

XIX.

The allegations are denied for lack of sufficient information upon which to justify a belief

therein.

XX.

Defendants Reliant, Alicia M. Lee and Gary J. Lee admit that files were provided to Plaintiff upon Plaintiff's request.  The remaining allegations are denied for lack of sufficient information upon which to justify a belief therein.

## XXI.

Defendants Reliant, Alicia M. Lee and Gary J. Lee admit that files were provided to Plaintiff upon Plaintiff's request.  The remaining allegations are denied for lack of sufficient information upon which to justify a belief therein.

## XXII.

The allegations do not require further response; however, out of an abundance of caution, Defendants Reliant, Alicia M. Lee and Gary J. Lee reassert all of the above responses in answer to the allegations of this paragraph.

## XXIII.

The allegations, as written, are denied.

## XXIV.

The allegations, as written, are denied.

## XXV.

The allegations, as written, are denied.

## XXVI.

The allegations, as written, are denied.

## XXVII.

The allegations, as written, are denied.

## XXVIII.

The allegations do not require a response from Defendants Reliant, Alicia M. Lee or Gary J. Lee; however, out of an abundance of caution, the allegations are denied.

XXIX.

The allegations, as written, are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations, as written, are denied.

XXXI.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response.

XXXII.

The allegations, as written, are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations, as written, are denied.

XXXIV.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response, but out of an abundance of caution is denied.

XXXV.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response, but out of an abundance of caution is denied.

XXXVI.

The allegations state a legal conclusion and therefore require no answer; however, out of an abundance of caution, the allegations are denied.

XXXVII.

The allegations, as written, are denied.

XXXVIII.

The allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXXIX.

The allegations are denied for lack of sufficient information upon which to justify a belief therein.

XL.

The allegations do not require an answer from Defendants Reliant, Alicia M. Lee or Gary J. Lee; however, out of an abundance of caution, the allegations, as written, are denied.

XLI.

The allegations do not require an answer from Defendants Reliant, Alicia M. Lee or Gary J. Lee; however, out of an abundance of caution, the allegations, as written, are denied.

XLII.

The allegations are denied.

XLIII.

The allegations, as written, are denied.

XLIV.

Defendants Reliant, Alicia M. Lee and Gary J. Lee admit that a certain policy of insurance was issued by Evanston Insurance, which document is the best evidence of its contents.

## XLVI.

The allegations are denied as written.

## XLVII.

The allegations state a legal conclusion and as such do not require an answer from Defendants Reliant, Alicia M. Lee or Gary J. Lee; however, out of an abundance of caution, the allegations are denied.

## AFFIRMATIVE DEFENSES

AND NOW, ANSWERING FURTHER, Defendants Reliant and the Lees assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are perempted.

## SECOND AFFIRMATIVE DEFENSE

In the alternative, Plaintiff's claims are prescribed.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is comparatively and contributorily negligent for all of its damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions of other parties or non-parties over whom Defendants Reliant and the Lees had no authority or control and for which Defendants Reliant and the Lees are not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

This Honorable Court lacks subject matter jurisdiction because the amount in controversy falls below the statutorily required minimum of $75,000.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a cause of action, because the Plaintiff has settled all claims described in its Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Alicia M. Lee and Gary J. Lee plead that there is no personal liability for the claims pleaded in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Reliant, Alicia M. Lee and Gary J. Lee plead that any contract upon which the Plaintiff bases its claims was unconscionable and in violation of public policy and law and as such is unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSE

Alicia M. Lee and Gary J. Lee plead that they are not parties to any contract upon which the claims in the Complaint are based.

## TWELFTH AFFIRMATIVE DEFENSE

Reliant, Alicia M. Lee and Gary J. Lee plead that the Defendants adequately performed their obligations, if any, under any contract upon which the claims set forth in the Complaint are based.

## THIRTEENTH AFFIRMATIVE DEFENSE

Gary Lee pleads that he should be dismissed from this action as he is not named in the Complaint under any claims.

FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has not suffered any actual damage.

Respectfully submitted,

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi
LA Bar #33421
*Attorney for Defendants Reliant Title, L.L.C.; Alicia M. Lee; and Gary J. Lee*
Law Office of Benjamin C. Varadi, LLC
3410A Napoleon Avenue
New Orleans, LA 70125
(504) 410-5608
Fax: (310) 893-6726
bcv@bcvaradi.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2011, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Daniel B. Centner
Kristen V. Gresham
Ralph Shelton Hubbard, III
Rose McCabe LeBreton
Seth Andrew Schmeeckle
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, LA 70130

Sidney A. Cotlar
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Ryan C. Higgins
Daniel Aubry Ranson
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Ave., Suite 500
Gretna, LA 70056

*/s/ Benjamin C. Varadi*
Benjamin C. Varadi
LA Bar #33421
*Attorney for Defendants Reliant Title, L.L.C.; Alicia M. Lee; and Gary J. Lee*
Law Office of Benjamin C. Varadi, LLC
3410A Napoleon Avenue
New Orleans, LA 70125
(504) 410-5608
Fax: (310) 893-6726
bcv@bcvaradi.com