UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FIRST AMERICAN TITLE** | * | **CIVIL ACTION NO. 11-1661** |
| **INSURANCE COMPANY** | * | |
|       **Plaintiff,** | * | |
| | * | |
| **versus** | * | **JUDGE STANWOOD DUVAL** |
| | * | **SECTION "K"** |
| **RELIANT TITLE, L.L.C., ALICIA** | * | |
| **MURLA LEE, GARY JULIAN LEE,** | * | **MAGISTRATE DIV. 4** |
| **GAYAN JUAREZ, CRYSTAL HEINE,** | * | **KAREN WELLS ROBY** |
| **BRENDA L. MURLA and ABC and** | * | |
| **XYZ INSURANCE COMPANIES** | * | |
|       **Defendants.** | * | |

* * * * * * * * * * * * * * * * *

**ANSWER AND CROSS-CLAIM**

NOW INTO COURT, through undersigned counsel, comes Crystal Heine ("Heine"), sought to be made a defendant herein, who respectfully shows that:

1.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph I of the Complaint and thus denies same.

2.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph II of the Complaint and thus denies same.

3.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph III of the Complaint and thus denies same.

4.

Heine admits that she is a Louisiana domiciliary residing in Jefferson Parish.  Heine lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph IV of the Complaint and thus denies same.

5.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph V of the Complaint and thus denies same.

6.

Paragraph VI of the Complaint makes no allegations against Heine.  Heine is not a party to the Agency Agreement ("Exhibit A to Plaintiff's Petition) nor an employee of Reliant.  Further answering this paragraph, in an abundance of caution, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph VI of the Complaint and thus denies same.

7.

Paragraph VII of the Complaint makes no allegations against Heine.  Heine is not a party to the Agency Agreement (Exhibit A to Plaintiff's Petition) nor an employee of Reliant.  Further answering this paragraph, in an abundance of caution, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph VII of the Complaint and thus denies same.

8.

Paragraph VIII of the Complaint makes no allegations against Heine. Heine is not a party to the Agency Agreement (Exhibit A to Plaintiff's Petition) nor an employee of Reliant. Further answering this paragraph, in an abundance of caution, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph VIII of the Complaint and thus denies same.

9.

Paragraph IX of the Complaint makes no allegations against Heine. Heine is not a party to the Agency Agreement (Exhibit A to Plaintiff's Petition) nor an employee of Reliant. Further answering this paragraph, in an abundance of caution, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IX of the Complaint and thus denies same.

10.

Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph X of the Complaint and thus denies same.

11.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XI of the Complaint and thus denies same.

12.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XII of the Complaint and thus denies same.

13.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XIII of the Complaint and thus denies same.

14.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XIV of the Complaint and thus denies same.

15.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XV of the Complaint and thus denies same.

16.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XVI of the Complaint and thus denies same.

17.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph XVII of the Complaint and thus denies same. Further answering this paragraph, Heine shows that Exhibit B is the best evidence of its content.

18.

Heine is not one of the Reliant Defendants. Heine was never an employee of Reliant. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XVIII of the Complaint and thus denies same.

19.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XIX of the Complaint and thus denies same.

20.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XX of the Complaint and thus denies same.

21.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXI of the Complaint and thus denies same.

22.

The allegations contained in Paragraph XXII of the Complaint do not require an answer. Nevertheless, in an abundance of caution, to the extent an answer is required, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXII of the Complaint and thus denies same.

23.

Heine is not one of the Reliant Defendants nor a party to the Agency Agreement.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXIII of the Complaint and thus denies same.

24.

Heine is not one of the Reliant Defendants nor a party to the Agency Agreement.  The Agency Agreement is the best evidence of its content.  Heine lacks knowledge or information sufficient to form a belief about truth of the allegations in Paragraph XXIV of the complaint and thus denies same.

25.

Heine was not a party to the Agency Agreement.  The Agency Agreement is the best evidence of its content.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXV of the Complaint and thus denies same.

26.

Heine was not a party to the Agency Agreement.  The Agency Agreement is the best evidence of its content.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXVI of the Complaint and thus denies same.

27.

Heine was not a party to the Agency Agreement.  The Agency Agreement is the best evidence of its content.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXVII of the Complaint and thus denies same.

28.

Heine was not a party to the Agency Agreement. The Agency Agreement is the best evidence of its content. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXVIII of the Complaint and thus denies same.

29.

Heine is not one of the Reliant Defendants. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXIX of the Complaint and thus denies same.

30.

Heine is not one of the Reliant Defendants. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXX of the Complaint and thus denies same.

31.

Heine is not one of the Reliant Defendants. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXI of the Complaint and thus denies same.

32.

Heine is not one of the Reliant Defendants. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXII of the Complaint and thus denies same.

33.

Heine is not one of the Reliant Defendants.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXIII of the Complaint and thus denies same.

34.

Heine is not one of the Reliant Defendants.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXIV of the Complaint and thus denies same.

35.

Heine is not one of the Reliant Defendants.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXV of the Complaint and thus denies same.

36.

Heine is not one of the Reliant Defendants.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXVI of the Complaint and thus denies same.

37.

Heine was not a party to the Agency Agreement nor the documents referred to in this paragraph, which documents are the best evidence of their content.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXVII of the Complaint and thus denies same.

38.

Heine was not a party to the Agency Agreement nor the document referred to in Paragraph XXXVIII of the Complaint, which document is the best evidence of its content. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXVIII of the Complaint and thus denies same.

39.

Heine was not a party to the Agency Agreement nor the document referred to in Paragraph XXXVIII of the Complaint, which document is the best evidence of its content. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XXXIX of the Complaint and thus denies same.

40.

Heine admits that she acted as a notary in the execution of certain documents for Reliant. Heine had no control over the Reliant Defendants. As recited by plaintiff in Paragraphs VIII and IX, Reliant collected funds from borrowers and Reliant had a duty to properly record Transaction Documents. Heine had no control over Reliant including Reliant's loan policies, procedures and recordation of Transaction Documents. LA-R.S. 35:199 is the best evidence of its content. To the extent LA-R.S. 35:199 imposes a duty on Heine, such a duty is not applicable under the facts and circumstances of this case. Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XL of the Complaint and thus denies same, especially as concerns the other Notary Defendants.

41.

Heine denies the allegations of fact contained in Paragraph XLI of the Complaint. Further answering this paragraph, to the extent this statute is applicable, which application is denied, Heine shows that Plaintiff lacks standing to recover any fine imposed by the statute.

42.

The allegations of Paragraph XLII of the Complaint do not require an answer by Heine. To the extent an answer is required, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XLII and thus denies same.

43.

The allegations of Paragraph XLIII of the Complaint do not require an answer by Heine. To the extent an answer is required, Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XLIII and thus denies same.

44.

Heine is not one of the Reliant Defendants.  Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XLIV of the Complaint and thus denies same.

45.

Heine lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph XLV of the Complaint and thus denies same, especially as concerns the other Notary Defendants.

46.

Heine is not one of the Reliant Defendants nor was Heine a party to the Agency Agreement. Heine lacks knowledge or information to form a belief about the truth of the allegations in Paragraph XLVI and thus denies same.

47.

Heine is not one of the Reliant Defendants nor was Heine a party to the Agency Agreement. Heine lacks knowledge or information to form a belief about the truth of the allegations in Paragraph XLVII and thus denies same.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING Plaintiff's Complaint, Defendant Crystal Heine shows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by peremption.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff and/or its alleged subrogores failed to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff and/or its alleged subrogores were contributorily negligent.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff and/or its alleged subrogores were comparatively negligent.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is an improper aggregation of claims.

## EIGHTH AFFIRMATIVE DEFENSE

Neither the Plaintiff nor its subrogores have suffered damages.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Defendant, Crystal Heine.

WHEREFORE, Defendant, Crystal Heine prays that after due proceedings had, there be judgment herein, in favor of Defendant, Crystal Heine, and against Plaintiff, First American Title Insurance Company, dismissing plaintiff's Complaint at its costs and for all general and equitable relief.

## CROSS-CLAIM

I.

Defendant, Crystal Heine specifically denies any liability to Plaintiff, First American Title Insurance Company, for the claims alleged in the Complaint.

II.

Alternatively, in the event, and only in the event that Defendant, Crystal Heine, is found liable to Plaintiff, First American Title Insurance Company, for the reasons expressed in Paragraph I through XXI of the Complaint and Count 1 (Paragraphs XXII through XXVIII); Court 2 (Paragraphs XXIX through XXXII); Court 3 (Paragraphs XXXIII through XXXVI); Count 4 (Paragraphs XXXVII through XXXIX); Count 6 (Paragraph LXII); Count 7 (Paragraphs XLIII through XLV); Count 8 (Paragraph XLVI); and Paragraph XLVII, then, in that event

Defendants, Reliant Title, LLC, Alicia Murla Lee and Gary Julian Lee are liable to Defendant, Crystal Heine, for all sums due for the following reasons:

III.

Defendants, Reliant Title, LLC, Alicia Murla Lee and Gary Julian Lee were responsible for all aspects of the processing of each loan, including collecting funds from borrowers, collecting funds from lenders, all document preparation, following loan closing instructions from lenders, satisfying and cancelling prior liens and mortgages and properly recording all Transaction Documents and cancellations.

IV.

Defendant, Crystal Heine had no control over Reliant Title, LLC regarding Reliant's loan policies, procedures and recordation of Transaction Documents.

V.

The agreement between Heine and Defendants, Reliant Title, LLC, Alicia Lee and Gary Lee, provided that Heine would act as a notary only with no responsibility to record any notarized documents.

WHEREFORE, Defendant, Crystal Heine, prays that in the event and only in the event that judgment is rendered in favor of Plaintiff, First American Title Insurance Company, LLC and against Defendant, Crystal Heine, that there be judgment against Defendant, Reliant Title Insurance Company, LLC, Alicia Murla Lee and Gary Julian Lee, jointly, individually and *in*

*solido* for all sums which may be adjudged against Defendant, Crystal Heine, in favor of Plaintiff, First American Title Insurance Company, LLC.

        Respectfully submitted,

        **HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**

        */s/ Sidney A. Cotlar*
        SIDNEY A. COTLAR (Bar No. 4430)
        820 O'Keefe Avenue
        New Orleans, LA  70113
        (504) 581-4892 (Telephone)
        (504) 561-6024 (Facsimile)
        Email:  scotlar@hhkc.com

        ***ATTORNEYS FOR DEFENDANT,***
        ***CRYSTAL HEINE***

## CERTIFICATE OF SERVICE

I hereby certify that on the ___11th___ day of October, 2011, I electronically filed the foregoing Answer and Cross-Claim by Defendant, Crystal Heine, with the Clerk of Court by using the CM/ECF system which sent notification to the following:

>Ralph S. Hubbard, III
>Daniel B. Centner
>Kristen V. Gresham
>Rose M. LeBreton
>Seth A. Schmeeckle
>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
>601 Poydras Street, Suite 2775
>New Orleans, LA  70130
>
>Benjamin C. Varadi
>Law Office of Benjamin C. Varadi, LLC
>3410A Napoleon Avenue
>New Orleans, LA  70125
>
>Daniel A. Ranson
>Gaudry, Ranson, Higgins & Gremillion, LLC
>401 Whitney Avenue, Suite 500
>Gretna, LA  70056

                                    /s/ *Sidney A. Cotlar*
                                    SIDNEY A. COTLAR