UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | * CIVIL ACTION NO. 11-1661 |
| Plaintiff, | * JUDGE STANWOOD DUVAL |
| | * SECTION "K" |
| Versus | * |
| | * MAGISTRATE DIV. 4 |
| RELIANT TITLE, L.L.C., ALICIA MURLA LEE, GARY JULIAN LEE, GAYAN JUAREZ, CRYSTAL HEINE, BRENDA L. MURLA and ABC and XYZ INSURANCE COMPANIES | * KAREN WELLS ROBY |
| Defendants. | * |

*****************************************

## JOINT ANSWER TO CROSS-CLAIM OF CRYSTAL HEINE BY CROSS-DEFENDANTS RELIANT TITLE, L.L.C.; ALICIA M. LEE; AND GARY J. LEE

NOW INTO COURT, through undersigned counsel, come Cross-Defendants Reliant Title, L.L.C. ("Reliant"), Alicia Murla Lee and Gary Julian Lee, who respectfully respond as follows to each correspondingly enumerated paragraph of the Cross-Claim of Defendant Crystal Heine (Rec. Doc. No. 33 at 12):

I.

The allegation of Paragraph I states a conclusion of law and does not require an answer. To the extent an answer is required, it is provided in the form of Cross-Defendants' First and Second Affirmative Defenses, *infra*.

II.

The allegations are denied.

III.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response, but out of an abundance of caution is denied.  Cross-Defendants additionally note the allegations state in part a legal impossibility.

IV.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response, but out of an abundance of caution is denied.

V.

The allegations, as written, are denied.  Further it states a legal conclusion that does not require a response, but out of an abundance of caution is denied.  Cross-Defendants additionally note the statement is a legal impossibility.

## **AFFIRMATIVE DEFENSES**

AND NOW, ANSWERING FURTHER, Defendants Reliant, Alicia Lee and Gary Lee assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine lacks standing to file the instant claim as she is not a proper party to the underlying suit and therefore bears no actual or potential liability.

### SECOND AFFIRMATIVE DEFENSE

Cross-Plaintiff lacks standing to file the instant claim on her own behalf or any other entity, as all claims against her in the underlying suit are preempted, prescribed and otherwise barred and she therefore bears no actual or potential liability.

### THIRD AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine's claims, if any, are preempted.

### FOURTH AFFIRMATIVE DEFENSE

In the alternative, Cross-Plaintiff Heine's claims, if any, are prescribed.

### FIFTH AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine is comparatively negligent for all of her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine is contributorily negligent for all damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine's damages, if any, were caused by the actions of other parties or non-parties over whom Defendants Reliant, Alicia Lee and Gary Lee and no authority or control and for which Defendants Reliant, Alicia Lee and Gary Lee are not liable.

### EIGHTH AFFIRMATIVE DEFENSE

Alicia M. Lee and Gary J. Lee assert that there is no personal liability for the claims pleaded in the Cross-Claim.

### NINTH AFFIRMATIVE DEFENSE

Reliant, Alicia M. Lee and Gary J. Lee plead that any contract or other agreement upon which Cross-Plaintiff Heine bases its claims was unconscionable or in the alternative in violation of law and as such is unenforceable.

### TENTH AFFIRMATIVE DEFENSE

Alicia M. Lee and Gary J. Lee plead that they are not parties to any contract upon which the claims in the Cross-Claim are based.

ELEVENTH AFFIRMATIVE DEFENSE

Reliant, Alicia M. Lee and Gary J. Lee plead that the Defendants adequately performed their obligations, if any, under any contract or agreement upon which the claims set forth in the Complaint are based.

TWELFTH AFFIRMATIVE DEFENSE

Cross-Plaintiff Heine has not suffered damages.

THIRTEENTH AFFIRMATIVE DEFENSE

The Cross-Claim is not ripe.

Respectfully submitted,

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi
LA Bar #33421
*Attorney for Defendants Reliant Title, L.L.C.; Alicia M. Lee; and Gary J. Lee*
Varadi, Hair & Checki, LLC
(504) 410-5608
Fax: (310) 893-6726
varadi@vhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Daniel B. Centner
Kristen V. Gresham
Ralph Shelton Hubbard, III
Rose McCabe LeBreton
Seth Andrew Schmeeckle
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, LA 70130

Sidney A. Cotlar
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Ryan C. Higgins
Daniel Aubry Ranson
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Ave., Suite 500
Gretna, LA 70056

Respectfully submitted,

*/s/ Benjamin C. Varadi*

Benjamin C. Varadi
LA Bar #33421
*Attorney for Defendants Reliant Title, L.L.C.; Alicia M. Lee; and Gary J. Lee*
Varadi, Hair & Checki, LLC
(504) 410-5608
Fax: (310) 893-6726
varadi@vhclaw.com